IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MYRNA MANEJA SOLIVEN, | ) | Civ. No. 14-00244 SOM-KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| vs. | ) | |
| | ) | |
| GARY KOKYU YAMASHIRO; JOHN | ) | |
| DOES 1-50; JANE DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

On May 27, 2014, *pro se* Plaintiff Myrna Maneja Soliven ("Plaintiff") filed a Complaint against Gary Kokyu Yamashiro, an Assistant Vice-President for Central Pacific Bank ("Defendant"). The Complaint asserted, pursuant to 18 U.S.C. §§ 1001, 1341, 1343 (2006), and Haw. Rev. Stat. §§ 708-852, that Defendant falsely executed a mortgage and schemed to defraud Plaintiff when his employer, Central Pacific Bank, foreclosed on her property and evicted her from her home. See ECF No. 1 at 2.

Upon reviewing Plaintiff's Complaint, the court questioned whether it had subject matter jurisdiction. On May 28, 2014, the court issued an order to show cause, instructing Plaintiff to submit a written statement detailing why this court had subject matter jurisdiction over her claims. See ECF No. 5.

Plaintiff responded on June 16, 2014, submitting a statement that attempted to explain why this court should have jurisdiction over her Complaint. See ECF No. 9. Plaintiff noted

that all transactions and events relating to the controversy at issue occurred in the state of Hawaii, and stated that both she and Defendant are residents of the state of Hawaii. Additionally, Plaintiff discussed new claims that were not mentioned in her original Complaint: treble damages under 12 U.S.C. § 2607, a reference to the Regulations Relating to Housing and Urban Development, 24 C.F.R. § 3500.10, and rights under the First, Fourth, Fifth, and Seventh Amendments of the Constitution. Id. In examining whether it has subject matter jurisdiction over the claims asserted in the Complaint, the court does not consider matters not asserted in it. Because Plaintiff has failed to show why this court has jurisdiction over her Complaint, it is dismissed with leave to amend.

Federal courts are courts of limited jurisdiction; they may only consider claims in which there is complete diversity between the parties, or claims regarding federal questions. 28 U.S.C. §§ 1331-32.

Diversity exists when the "matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. § 1332. A person is considered a citizen of the state in which he or she 1) is domiciled, and 2) intends to remain indefinitely. See Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir. 1986) (citing Owens v. Huntling, 115 F.2d 160, 162 (9th Cir. 1940)). A federal question claim is one "arising

under the Constitution, laws, or treaties of the United States."
28 U.S.C. § 1331.

Plaintiff has not demonstrated that there is complete
diversity between the parties.  Plaintiff herself has stated that
both she and Defendant are residents of Hawaii.  ECF No. 9 at 28.
She alleges nothing about intent to stay indefinitely.  Even if
she did so allege, that would make both parties citizens of the
same state.  Citizens of the same state do not have diversity of
citizenship.  See Lew, 797 F.2d at 749.  If there is no diversity
between the parties, then the court lacks diversity jurisdiction
over the claim.

This court could still exercise subject matter
jurisdiction if Plaintiff asserts claims pursuant to federal law.
Plaintiff asserts claims under 18 U.S.C. §§ 1001, 1341, 1343, and
Haw. Rev. Stat. §§ 708-852.  However, 18 U.S.C. §§ 1001, 1341,
and 1343 are all federal criminal statutes that Plaintiff lacks
standing to bring because she is a private citizen.  The cited
federal criminal statutes do not provide for private claims and
may only be prosecuted by United States attorneys, not private
citizens.  In addition, 18 U.S.C. §§ 1001, 1341, and 1343 contain
no implied civil causes of action: "[i]t is especially difficult
to find an implied civil cause of action in 'a bare criminal
statute, with absolutely no indication that civil enforcement of
any kind was available to anyone.'"  Ateser v. Bopp, Nos. 92-

3

36869, 92-36964, 1994 WL 377872, at *2 (9th Cir. July 19, 1994) (quoting Cort v. Ash, 422 U.S. 66, 78 (1975)). Because Plaintiff has no explicit or implied standing to bring a claim under the federal criminal statutes mentioned in the Complaint, these federal criminal claims are dismissed.

Plaintiff's other claims are brought under state laws. Although the court can exercise supplemental jurisdiction over state law claims that share a common nucleus of operative fact with federal claims, the court is not required to do so. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("The power [of supplemental jurisdiction] need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."). This court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, as the claims grounded in federal law have been dismissed. Plaintiff's state law claims are dismissed.

The court dismisses Plaintiff's Complaint with leave to amend. If she chooses to amend, she must do so by July 11, 2014. However, Plaintiff should carefully consider whether she is asserting only state law claims, in which event she should file her Complaint in state court instead. To the extent she relies on federal statutes or regulations, she should consider whether she may actually proceed under them. And if she seeks to allege

4

violations of constitutional rights, she should carefully

consider whether those rights apply to actions by individuals who

are not public employees.  For example, the Fourth Amendment does

not usually apply to employees of private banks, unless those

employees are acting in concert with public employees.

Similarly, the First Amendment prohibits the government, not

employees of private banks, from abridging enumerated freedoms.

This court will not here analyze in detail all the provisions

mentioned in Plaintiff's response to this court's earlier order,

but Plaintiff could avoid wasting time and effort by reviewing

the provisions she relies on to determine whether they actually

provide for claims against an employee of a bank.  Because the

court is dismissing Plaintiff's claim for lack of subject matter

jurisdiction, the court also denies her request for entry of

default judgment.  <u>See</u> ECF No. 11.


IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 30, 2014.



　　/s/ Susan Oki Mollway　　　　　　
Susan Oki Mollway
Chief United States District Judge


**Soliven v. Yamashiro; Civ. No. 14-00244 SOM-KSC; ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND**