```
               IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

MYRNA MANEJA SOLIVEN,            )    CIVIL NO. 14-00244 SOM/RLP
                                 )
          Plaintiff,             )    ORDER GRANTING MOTION TO
                                 )    DISMISS
     vs.                         )
                                 )
GARY KOKYU YAMASHIRO, et al.     )
                                 )
          Defendants.            )
_____)
```

**ORDER GRANTING MOTION TO DISMISS**

**I.      INTRODUCTION.**

Defendant Gary Kokyu Yamashiro moves to dismiss Plaintiff Myrna Maneja Soliven's Amended Complaint, or, in the alternative, for summary judgment. Because Soliven fails to state a claim against Yamashiro upon which relief can be granted, the court dismisses Soliven's Amended Complaint.

**II.     FACTUAL BACKGROUND.**

On September 29, 2011, Central Pacific Bank filed a foreclosure action in state court against Soliven, among others. ECF No. 17-2, PageID # 75-80.

Soliven executed a promissory note in favor of City Bank, secured by a mortgage naming the Mortgage Electronic Registration System ("MERS") as the nominee for City Bank. ECF No. 17-2, PageID # 76-77. On August 11, 2011, the mortgage was assigned by Yamashiro, as Assistant Secretary for MERS, to Central Pacific Bank. ECF No. 17-2, PageID # 96-98.

In the foreclosure action, Soliven filed a "Counterclaim against Plaintiff and 3rd Parties," in which she argued that Yamashiro, a vice president of Central Pacific Bank, had falsely claimed to be an Assistant Secretary of MERS and unlawfully assigned the mortgage to Central Pacific Bank. ECF No. 17-4, PageID # 112-13. Soliven contended that the assignment was void as a result of Yamashiro's alleged conduct. Id., PageID # 117.

On August 30, 2013, the state court dismissed Soliven's counterclaim. ECF No. 17-7, PageID # 217-19. Final judgment was entered on the same date. ECF No. 17-8, PageID # 220-22. Soliven did not file an appeal from the final judgment. ECF No. 17-1, PageID # 74.

On May 27, 2014, Soliven filed a complaint against Yamashiro in this court. ECF No. 1. The complaint was dismissed for lack of subject matter jurisdiction, with leave to amend, on June 30, 2014. ECF No. 13.

On July 11, 2011, Soliven filed an Amended Complaint against Yamashiro, contending that Yamashiro had violated 31 U.S.C. § 3729, Chapter 480 of Hawaii Revised Statutes, and Haw. Rev. Stat. § 708-852 by having falsely claimed to be the Assistant Secretary of MERS in assigning the mortgage to Central Pacific Bank. ECF No. 14. Soliven also asserts that Yamashiro's alleged conduct renders the assignment illegal because a contract

must be signed by two parties.  ECF No. 14, PageID # 47.

Yamashiro filed a motion to dismiss, or, in the alternative, for summary judgment on July 31, 2014.  ECF No. 16.  Yamashiro contends that Soliven's Amended Complaint must be dismissed for lack of subject matter jurisdiction because 31 U.S.C. § 3729, the basis of Soliven's only federal claim, does not apply to the circumstances at issue.  ECF No. 16-1, PageID # 59.  Yamashiro also argues that Soliven's state law claims are barred by res judicata because Soliven litigated the same issues in her state court counterclaim.  Id., PageID # 58.

Soliven failed to file an opposition to Yamashiro's motion.

In his reply, Yamashiro notes Soliven's failure to respond, and requests sanctions pursuant to Rule 11(c)(3) of the Federal Rules of Civil Procedure because the Amended Complaint is "frivolous on its face."  ECF No. 20, PageID # 225.  The court declines to order sanctions pursuant to Rule 11(c)(3) of the Federal Rules of Civil Procedure.  Yamashiro does not appear to have followed the procedure set forth in Rule 11(c)(2) for a motion for sanctions.

**III.    STANDARD.**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court's review is generally limited to the contents of the complaint.  Sprewell v. Golden State Warriors,

3

266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). Courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996). Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either:

4

(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal,

5

556 U.S. at 677.

**IV.   ANALYSIS.**

    **A.   Soliven May Not Relitigate Matters Addressed in State Court, or Appeal the State Court Order and Judgment to This Court.**

        **1.   Res Judicata.**

Yamashiro argues that Soliven's claims are barred by res judicata. ECF No. 16-1, PageID # 64-66. The court agrees.

The preclusive effect in this court of a Hawaii state court decision is determined by Hawaii law. Pedrina v. Chun, 97 F.3d 1296, 1301 (9th Cir. 1996) ("In determining whether a prior state court action bars a subsequent federal action, the federal court must look to the res judicata principles of the state court in which the judgment was rendered."); In re Russell, 76 F.3d 242, 244 (9th Cir. 1995) ("Because the underlying judgment was rendered in state court, we must apply California's res judicata and collateral estoppel principles.").

Under Hawaii law, the doctrine of res judicata applies when: (1) the claim asserted in the action in question was or could have been asserted in the prior action, (2) the parties in the present action are identical to, or in privity with, the parties in the prior action, and (3) a final judgment on the merits was rendered in the prior action. Pedrina, 97 F.3d at 1301 (citing Santos v. State of Hawaii, 64 Haw. 648, 646 P.2d 962, 966 (1982)); see also Morneau v. Stark Enters., Ltd., 56

6

Haw. 420, 422-23, 539 P.2d 472, 474-75 (1975) ("[t]he judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and precludes the relitigation, not only of the issues which were actually litigated in the first action, but also of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided").

The related doctrine of collateral estoppel bars relitigation of an issue when: (1) the issue decided in the prior adjudication is identical to the one presented in the action in question; (2) there is a final judgment on the merits; (3) the issue decided in the prior adjudication was essential to the final judgment; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication.  Dorrance v. Lee, 90 Haw. 143, 149, 976 P.2d 904, 910 (1999).

Res judicata and collateral estoppel prevent a multiplicity of suits, avert inconsistent results, and provide a limit to litigation by promoting finality and judicial economy. Id. at 148-49, 976 P.2d at 909-10.  Both doctrines serve to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudications.  The doctrines

permit every litigant to have an opportunity to try its case on the merits, but they limit the litigant to one such opportunity. Kauhane v. Acutron Co., 71 Haw. 458, 463, 795 P.2d 276, 278-79 (1990).

Soliven's claims are barred by the doctrine of res judicata. All of her claims in the present action are based on the same argument contained in her state court counterclaim that Yamashiro did not validly assign the note and mortgage to Central Pacific Bank as the Assistant Secretary of MERS. In dismissing Soliven's counterclaim, the state court necessarily decided that Yamashiro was authorized to act on behalf of MERS, and that Yamashiro's conduct did not undermine the validity of the assignment. Soliven may not relitigate that determination here.

Because Soliven's claims are barred by res judicata, Soliven's Amended Complaint fails to state plausible claims for relief against Yamashiro.

### 2. **Rooker-Feldman Doctrine**.

To the extent Soliven may be seeking to appeal state court orders and judgments in the state-court proceeding to this court, such an effort is barred by the Rooker-Feldman doctrine.

Under the Rooker-Feldman doctrine, federal courts are divested of jurisdiction to conduct a direct review of state court judgments even when a federal question is presented. See Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998); accord

Mackay v. Pfeil, 827 F.2d 540, 543 (9th Cir. 1987) ("Federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts."). The Rooker-Feldman doctrine is confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

If Soliven is seeking review of the state court's dismissal of her counterclaim, or any other state court ruling in the foreclosure action, Soliven should have pursued an appeal through the state's appellate system. This court is not permitted to consider any appeal.

> **B. Soliven Fails to State a Claim Upon Which Relief Can Be Granted Against Yamashiro For Violation of 31 U.S.C. § 3729.**

Even assuming res judicata and the Rooker-Feldman doctrine do not apply, Soliven's 31 U.S.C. § 3729 claim must be dismissed because she fails to state a plausible claim for relief under that statute.

Contrary to Soliven's assertions, 31 U.S.C. § 3729 is irrelevant to Yamashiro's alleged conduct. That section addresses false claims against the United States Government. Because Soliven's allegations have no connection to a claim

9

against the United States, Soliven fails to state a plausible claim for relief under 31 U.S.C. § 3729.

### C. Soliven Fails to State a Claim Upon Which Relief Can Be Granted Against Yamashiro For Violation of Haw. Rev. Stat. § 708-852.

Even assuming res judicata and the Rooker-Feldman doctrine do not apply, Soliven's claim for relief under Haw. Rev. Stat. § 708-852 must be dismissed for failure to state a claim.

Haw. Rev. Stat. § 708-852, contained in the Hawaii Penal Code, covers forgery in the second degree. Soliven, as a private citizen, lacks standing to bring a claim against Yamashiro under this criminal statute. See Tia v. Criminal Demand As Set Forth Per Investigation, Civ. No. 10-00441 DAE-BMK, 2010 WL 3001912, at *4 (D. Haw. July 30, 2010) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another. Additionally, the violation of criminal statutes rarely provide a private right of action.") (citation omitted); see also Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) (noting that the California Penal Code "do[es] not create enforceable individual rights"). Soliven fails to state a plausible claim for relief under Haw. Rev. Stat. § 708-852.

## V. CONCLUSION.

The court dismisses Soliven's Amended Complaint. The Clerk of the Court is directed to enter judgment in favor of

Defendants and to close this case.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, August 29, 2014.



        /s/ Susan Oki Mollway
        Susan Oki Mollway
        Chief United States District Judge

Soliven v. Yamashiro, et al., Civ. No. 14-00244 SOM/RLP; ORDER GRANTING MOTION TO DISMISS